# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SANTOS TASE-SOTO,<br><br>                 Plaintiff,<br>v.<br><br>JOSÉ BOTELLO, ROOSEVELT HOLT, and MARTIN MEZEI,<br><br>                 Defendants. | Case No. 17-CV-1052-JPS<br><br>**ORDER** |

       Plaintiff, Santos Tase-Soto, filed a *pro se* complaint alleging that Defendants, his former work supervisors or co-workers, discriminated against him based on his age while working at the local Palermo's Pizza factory ("Palermo's) in Milwaukee. (Docket #1). Before the Court is Plaintiff's petition to proceed *in forma pauperis*. (Docket #2).

       In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit is frivolous. 28 U.S.C. §§ 1915(a), (e)(2)(B)(I). On the first question, Plaintiff avers in his motion that he is unmarried, unemployed, and has no dependents. (Docket #2 at 1). In the last year, he claims to have received around $11,500 in income through Social Security disability benefits and renting a room in his apartment. *Id.* at 2. He asserts that his monthly expenses, including rent, total $1,085. *Id.* His assets include a 2000 Chevrolet Astro, which he values at $1,470, and $25 in a bank account. *Id.* at 3–4. On these averments, the Court finds that Plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

However, notwithstanding any filing fee, the Court must dismiss a complaint or portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

As noted above, Plaintiff's complaint concerns alleged workplace discrimination he suffered on account of his age. He worked at the Palermo's factory from at least 2012 until his firing on November 18, 2015. (Docket #1 at 3). During 2012–2013, Plaintiff's supervisor, Defendant José Botello ("Botello"), made negative remarks about Plaintiff's ability to work in light of his age. *Id.* Plaintiff claims that this humiliated him and caused him a great deal of stress. *Id.*

At the end of 2013, Botello informed Plaintiff that he would be given a raise, apparently in line with a raise being given to all workers at the factory. *Id.* However, Plaintiff noticed that his pay actually decreased. *Id.* He complained to Botello, who justified the decrease by commenting on Plaintiff's poor work performance and the fact that Plaintiff had transferred to the factory's second shift. *Id.* Plaintiff claims he was the only worker denied a raise at this time. *Id.* He further contends that he should not have been denied the raise given his years of experience in similar jobs. *Id.*

Plaintiff then turned to Laura Johnson ("Johnson"), vice president of human resources at Palermo's, and plant manager Donald Betters ("Betters"), who was Botello's direct supervisor. *Id.* He told these two individuals about his humiliation at Botello's hands. *Id.* They met with Botello, but Plaintiff does not describe the contents of the meeting. *Id.* Afterward, Botello intercepted Plaintiff at work and threatened to shut down the entire factory by organizing a strike. *Id.*

Plaintiff reports that after his meeting with Johnson and Betters, Botello was dismissed from work for three days. *Id.* Plaintiff admits that he

does not know if the dismissal was a result of his complaints about Botello or some other reason. *Id.* When Botello returned, he poked fun at Plaintiff, noting that if he should be fired, he had another lucrative job waiting for him, while Plaintiff would have to remain at Palermo's. *Id.*

Plaintiff's complaint next jumps to November 18, 2015, the day he was fired from Palermo's. *Id.* This portion of the complaint borders on the unintelligible, but the Court gathers that Plaintiff believes that two of his co-workers or supervisors, Defendants Roosevelt Holt ("Holt") and Martin Mezei ("Mezei"), conspired with Botello to get Plaintiff fired. *See id.* What precisely these two men did is not explained in any cogent fashion. *See id.* at 3–4. It appears that the proffered reason for Plaintiff's firing was insubordination, although it is clear Plaintiff believes that the real reason for his discharge was retaliation for his earlier complaints about Botello's age discrimination. *Id.* at 4.

A month or two after his firing, Botello called Plaintiff and suggested that he contact Palermo's and seek reinstatement by threatening to sue the company. *Id.* Finally, in May or June of 2017, Plaintiff saw Botello in a park, and Botello greeted him and said that Plaintiff's firing was unfair. *Id.* Botello also reported that he had since been promoted back to the position he had held before being sanctioned by Johnson and Betters. *Id.*

For relief, Plaintiff asks for Defendants to pay his medical expenses and an additional $1,000,000 as compensation for the physical and mental suffering he has endured. *Id.* at 6.

Though he does not actually identify the basis for his claims, Plaintiff's claims against Defendants appear to arise under the Age Discrimination and Employment Act ("ADEA"), which makes it illegal for an employer "to fail or refuse to hire or to discharge any individual or

otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To prove discrimination in violation of the ADEA, Plaintiff must establish that Defendants subjected him to an adverse employment action because of his age. *Van Antwerp v. City of Peoria, Ill.*, 627 F.3d 295, 297 (7th Cir. 2010). Age must have played a role in the employer's decision-making process and had a determinative influence on the outcome. *Schuster v. Lucent Techs., Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). To prove that he was retaliated against under the ADEA, Plaintiff must show that he engaged in statutorily protected activity, that he suffered a materially adverse action, and that the retaliation was a but-for cause of, not merely a contributing factor to, the adverse action. *Horwitz v. Bd. of Educ.*, 260 F.3d 602, 612 (7th Cir. 2001).

Initially, the Court notes that the pay reduction and Plaintiff's ultimate termination both appear to qualify as adverse employment actions. *Herrnreiter v. Chicago Hous. Auth.*, 315 F.3d 742, 744–45 (7th Cir. 2002); *Lapka v. Chertoff*, 517 F.3d 974, 985–86 (7th Cir. 2008). Additionally, liberally construing Plaintiff's allegations, as the Court must, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court concludes that Defendants' actions were sufficiently motivated by his age and protected activity (*i.e.*, his complaint to Johnson and Betters about Botello's age discrimination) to pass muster at the screening stage, *see Van Antwerp*, 627 F.3d at 298 (employee can provide direct evidence of discriminatory animus or show that employer's reasons for its actions were mere pretext masking discrimination).

But Plaintiff's claim falls short in other respects. First, he does not allege his age, only that he is "older." (Docket #1 at 3). The ADEA only

applies to persons who are age forty or older. 29 U.S.C. § 631(a). Second, Plaintiff cannot hold Defendants, his supervisors, individually liable under the ADEA, since they do not qualify as "employers" under the statute. *Cheng v. Benson*, 358 F. Supp. 2d 696, 699–700 (N.D. Ill. 2005); *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.6 (7th Cir. 2001). Palermo's can be held liable for Defendants' actions under a theory of *respondeat superior*, *see Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994), but the company has not been joined as a defendant, making such a claim impossible at present.

Finally, Plaintiff cannot be awarded compensatory damages under the ADEA for physical suffering or emotional distress. *Barton v. Zimmer, Inc.*, 662 F.3d 448, 454 (7th Cir. 2011); *Pollard v. E.I. du Pont de Nemours & Co.*, 532 U.S. 843, 852 (2001). The closest he can come is to be awarded front pay in lieu of reinstatement, but that remedy is only available if the discriminatory actions of the employer caused a disability which actually prevents him from being reinstated. *Barton*, 662 F.3d at 455. Plaintiff makes no such allegation. True enough, Plaintiff might be awarded back pay in light of the wage reduction and his termination, *id.*, but he does not ask for this.

For these reasons, the Court must dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).[1] The Court will afford Plaintiff **fourteen (14) days** to file an

---

[1] It is also worth noting that Plaintiff has provided no indication that he exhausted his administrative remedies before filing the present lawsuit. Claims under the ADEA must first be asserted in charges filed with the Equal Employment Opportunity Commission ("EEOC"). 29 U.S.C. § 626(d). Such charges must be filed with the EEOC within 300 days of the alleged unlawful employment practice if the claimant has initially filed a claim with a state agency,

amended complaint, if he chooses, which cures the deficiencies identified above. If Plaintiff files an amended complaint, the Court will screen it pursuant to Section 1915. If Plaintiff does not file an amended complaint by that deadline, the Court will dismiss this action for failure to prosecute the same. *See* Civ. L. R. 41(c).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the complaint submitted on July 31, 2017 (Docket #1) be and the same is hereby **STRICKEN**;

**IT IS FURTHER ORDERED** that Plaintiff is directed to file an amended complaint on or before **August 21, 2017** which cures the defects in the original complaint as described herein;

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

or within 180 days if he has not. 42 U.S.C.A. § 2000e–5(e)(1). The exhaustion requirement is designed to give the employer "some warning of the conduct about which the employee is aggrieved, and it affords the [EEOC] and the employer an opportunity to attempt conciliation without resort to the courts." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). Plaintiff did not attach any documents to his complaint establishing that he exhausted his administrative remedies, nor did he allege anything about it in the body of the complaint. Of course, exhaustion of remedies is an affirmative defense, so Plaintiff's failures in this regard would not be fatal to his claims. *See Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009).

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 7th day of August, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge